FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 06, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMIAH SMITH,<br><br>    Petitioner,<br><br>v.<br><br>DON HOLBROOK,<br><br>    Respondent. | NO. 2:19-CV-00377-SAB<br><br>**ORDER GRANTING MOTION TO SUBSTITUTE RESPONDENT AND SUMMARILY DISMISSING ACTION** |

By Order filed January 9, 2020, the Court instructed Petitioner, a prisoner at the Washington State Penitentiary ("WSP"), to show cause why his *pro se* Petition for Writ of Habeas Corpus should not be dismissed as untimely under 28 U.S.C. § 2244(d). Petitioner is proceeding *in forma pauperis;* Respondent has not been served.

Petitioner submitted a response on January 24, 2020, which is also a Motion to substitute Don Holbrook, Superintendent of the WSP, as the proper respondent. ECF No. 6. The Motion to substitute proper respondent is **GRANTED.** The Clerk of Court is directed to terminate Respondent Eugene Cruz and **ADD** Respondent Don Holbrook.

**SHOW CAUSE RESPONSE**

Petitioner's response to the Order to Show Cause consists of 76 pages. He

ORDER GRANTING MOTION TO SUBSTITUTE RESPONDENT AND SUMMARILY DISMISSING ACTION -- 1

argues that "youth and the underdevelopment of the brain contributed entirely towards [his] naiveté in being syked [sic] into the plea deal in 2010." ECF No. 6 at 2. Petitioner provides no authority for, and the Court has found none, which authorizes equitable tolling of the federal limitations period due to a prisoner's youth and naiveté.

As previously advised, these are not "extraordinary circumstances" entitling Petitioner to equitable tolling of the limitation period. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); *see e.g. Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").

Furthermore, it is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack[.]" *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

It is implausible that Petitioner is still "in custody" for the 80-month sentence imposed in 2010 following his plea of guilty to conspiracy to commit robbery, first degree burglary and second-degree assault. ECF No. 1 at 2, 15. Indeed, Petitioner indicates that he was released from prison in 2015 and was subsequently incarcerated for new crimes committed less than two weeks following his release. ECF No. 6 at 2. Petitioner states that he was mistakenly released 88 days early. *Id.* at 3. He contends that his intervening trial, conviction and appeal of these new convictions delayed his ability to pursue the present

habeas action challenging his 2010 convictions. *Id.* at 2-7. Petitioner indicates that he is currently serving a sentence of life without the possibility of parole. *Id.* at 8.

While a petitioner can satisfy the "in custody" requirement on a fully expired conviction because it was used to enhance the current sentence he is serving, he may only challenge the expired prior conviction if there was a failure to appoint counsel in the expired case. *See Lackawanna Cty. Dist. Atty. v. Coss*, 532 U.S. 394, 402 (2001); *see also Nunes v. Ramirez-Palmer*, 485 F.3d 432, 443 (9th Cir. 2007). Here, Petitioner admits that he was represented by retained counsel when negotiating his plea bargain in 2010. Consequently, Petitioner has no federal constitutional right to attack his 2010 conviction. *Nunes*, 485 F.3d at 443.

Because it plainly appears from the petition and accompanying documents that Petitioner is not entitled to relief in this Court, **IT IS ORDERED** the petition, ECF No. 1, is **DISMISSED** pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner, and **close** the file. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED.**

**DATED** this 6th day of April 2020.



Stanley A. Bastian
United States District Judge

ORDER GRANTING MOTION TO SUBSTITUTE RESPONDENT AND SUMMARILY DISMISSING ACTION -- 3